**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINHONG LIU,<br><br>     Plaintiff,<br><br>  v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,<br><br>     Defendants. | Case No. 1:25-cv-2855 (JMC) |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Linhong Liu sues seeking to overturn the United States Citizenship and Immigration Services' (USCIS) denial of her EB-5 investor visa petition. She names as Defendants Secretary of Homeland Security Markwayne Mullin, Director of USCIS Joseph Edlow, the Chief of the Immigrant Investor Program Office (Program Office) Alissa Emmel, and USCIS.[1] Liu contends that the denial of her EB-5 visa petition was arbitrary and capricious in violation of the Administrative Procedure Act (APA). Defendants have moved to dismiss the action for lack of subject matter jurisdiction. ECF 10. They argue that a recent amendment to the Immigration and Nationality Act (INA) stripped federal courts of jurisdiction over investor visa determinations until the visa applicant has exhausted all administrative appeals, which they contend Liu failed to do. For the reasons below, the Court agrees it lacks jurisdiction. Accordingly, the Court will **GRANT** the Government's motion to dismiss for lack of subject matter jurisdiction.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendant Markwayne Mullin has been substituted for former defendant Kristi Noem.

1

## I.    BACKGROUND

Congress amended the INA in 1990 to create a new preference allocation of immigrant visas for noncitizens who invest in job-creating enterprises in the United States (EB-5 visas).[2] *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978, 4989 (codified at 8 U.S.C. § 1153(b)(5)). The EB-5 investor program is administered by USCIS and the State Department. *Del. Valley Reg'l Ctr., LLC v. U.S. Dep't of Homeland Sec.*, 106 F.4th 1195, 1198 (D.C. Cir. 2024). To qualify for an EB-5 visa, a foreign national must invest lawfully obtained capital in a new commercial enterprise (NCE) that "will benefit the United States economy by creating full-time employment" for at least ten U.S. workers. 8 U.S.C. § 1153(b)(5)(A)(ii). After making the qualifying investment, the foreign national must file a petition with USCIS—titled Form I-526 Immigrant Petition by Alien Investor (I-526 petition)—"for classification as an approved investor." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 336 (D.C. Cir. 2023). The I-526 petition is "one of the first steps to becoming a lawful permanent resident." *Mukkavilli v. Jaddou*, No. 22-cv-2289, 2023 WL 4029344, at *2 (D.D.C. June 15, 2023), *aff'd*, No. 23-5138, 2024 WL 1231346 (D.C. Cir. Mar. 22, 2024).

In March 2022, Congress passed the EB-5 Reform and Integrity Act (RIA), which amended various aspects of the EB-5 visa process. *See* Pub. L. No. 117-103, div. BB, 136 Stat. 49, 1070 (2022) (codified at 8 U.S.C. § 1153(b)(5)). Relevant to the instant case, Section 103 added a new provision to the INA that provides for "administrative appellate review" by USCIS's Administrative Appeals Office (Appeals Office) and bars judicial review of agency determinations involving the EB-5 visa process if those administrative remedies have not been

---

[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

exhausted. *See id.*, 136 Stat. at 1097–98 (codified at 8 U.S.C. § 1153(b)(5)(P)). The new jurisdictional bar states: "[N]o court shall have jurisdiction to review a determination under this paragraph until . . . the alien investor has exhausted all administrative appeals." 8 U.S.C. § 1153(b)(5)(P)(ii).

In 2015, Liu filed an I-526 petition with USCIS, seeking to prove her eligibility for an EB-5 visa based on a half-million-dollar investment in the United States. ECF 1 ¶¶ 1–2. Liu received assistance from an intermediary, Xingguo Wei (Exchanger), to exchange her funds from the Chinese renminbi into U.S. dollars and transfer them to the United States. *Id.* ¶ 36. On September 10, 2024, USCIS's Program Office issued a Notice of Intent to Deny (NOID) Liu's petition and requested more information about her investment. *Id.* ¶ 24. On October 16, 2024, Liu responded to the NOID with the submission of additional evidence. *Id.* ¶ 25. Several weeks later, the Program Office proceeded to deny her petition on December 4, 2024. *Id.* ¶ 26; ECF 1-2 at 28–43 (Liu's notice of decision). The Program Office determined that Liu's investment in the United States derived from the Exchanger's U.S. dollars, and that Liu's supporting evidence was insufficient to "demonstrate[] by a preponderance of evidence that [the] Exchanger was *licensed* to conduct currency exchanges." ECF 1-2 at 33. The Program Office also asserted Liu failed to demonstrate that the money "transferred as part of the currency swap from the *unlicensed* exchanger derived from lawful means." *Id.*; ECF 1 ¶¶ 39–40 (discussing USCIS's grounds for denial, including "an insufficient showing that [Liu's] investment funds were lawfully sourced" and lack of clarity as to whether "the Exchanger obtained the U.S. Dollars from a lawful source").

As part of the Notice, the agency informed Liu of her appeal rights and stated that she had 33 days from the date of the Notice to file a Form I-290B, Notice of Appeal or Motion. ECF

1-2 at 28, 43. On January 6, 2025, Liu filed her first Form I-290B, Notice of Appeal or Motion, requesting that the Program Office reopen or reconsider its denial. ECF 1 ¶ 27. On February 6, 2025, the Program Office dismissed her motion and affirmed the denial of her I-526 petition. *Id.* ¶ 28; ECF 1-2 at 19–21. The Office asserted that even though she submitted some new statements and evidence, she failed to provide the specific documents demonstrating that she obtained her capital through lawful means. *Id.* at 21–25. Liu then filed another Form I-290B Motion on March 11, 2025, requesting the Program Office reopen or reconsider its denial. ECF 1 ¶ 29. Once again, on April 28, 2025, the Program Office denied her motion. *Id.* ¶ 30; ECF 1-2 at 3–17. The Program Office found that her motion to reopen and/or reconsider was "untimely filed," ECF 1-2 at 6, but concluded that, even considering the additional evidence submitted, Liu still failed to demonstrate that the funds used were obtained through lawful means. *Id.* at 6–16.

In each of its I-290B dismissals, the Program Office informed Liu that she had the right to appeal to USCIS's Administrative Appeals Office. ECF 1-2 at 16–17, 26. The Appeals Office conducts *de novo* review of rejected I-526 petitions and denied motions to reopen or reconsider, and can "look[] at the record anew" and "address new issues that were not raised or resolved" in prior decisions. *U.S. Citizenship & Immigration Services*, AAO Practice Manual §§ 3.2, 3.4, https://perma.cc/E6UZ-WBBT. Rather than appealing to the Appeals Office, however, Liu initiated the present action, seeking an order from this Court setting aside the Program Office's denial of her I-526 petition. *See* ECF 1 at 22 (asking this Court to find that USCIS's denial of her I-526 was "erroneous" and "[i]ssue an order reversing the denial of her petition"); *see also* ECF 13 at 8–9 (Liu acknowledging that she did not appeal to the Appeals Office).

4

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdictional limits "are especially important in the agency review context . . . ." *Humane Soc'y of the U.S. v. McCarthy*, 209 F. Supp. 3d 280, 283 (D.D.C. 2016) (citing *Am. Petroleum Inst. v. SEC*, 714 F.3d 1329, 1332 (D.C. Cir. 2013)). When reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). The Court can also "consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction," *Jerome Stevens Pharms. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005), including "materials attached as exhibits to the [c]omplaint." *Chen v. Rodriguez*, 200 F. Supp. 3d 174, 176 n.1 (D.D.C. 2016). "The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 91 (D.D.C. 2020). Courts must presume that a "cause lies outside [their] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377.

## III.    ANALYSIS

Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF 10 at 1. Under the RIA's new jurisdictional bar, Defendants argue, this Court cannot consider Liu's challenge because she failed to appeal the

5

denial of her I-526 petition to the Appeals Office. *Id.* at 2. Liu responds that the RIA's exhaustion bar does not apply to her because the RIA was passed after her petition was filed—although before her petition was denied—and it would be legally erroneous to apply the exhaustion requirement "retroactively." ECF 13 at 3. The Court agrees with Defendants that Liu was required to comply with the RIA's exhaustion provisions and dismisses Liu's complaint for lack of subject matter jurisdiction.

### A.  Statutory Exhaustion Under the RIA

In 2022, Congress enacted the RIA and included a new administrative exhaustion requirement covering EB-5 visa petitions. The clear text of the Act requires petitioners like Liu to proceed through the administrative exhaustion process before filing suit in federal court. Specifically, 8 U.S.C. § 1153(b)(5)(P)(i) instructs USCIS to "provide an opportunity for an administrative appellate review" by the Appeals Office of any "petition by an alien investor for status as an immigrant under this paragraph." Subsection (ii) then states that "no court shall have jurisdiction to review a determination under this paragraph until . . . the alien investor has exhausted all administrative appeals." *Id.* § 1153(b)(5)(P)(ii).

Here, it is undisputed that Liu did not appeal the denial of her I-526 petition to the Appeals Office before initiating this action.[3] Although she filed two Form I-290B motions to reopen or reconsider with the Program Office, both of which that Office dismissed, she declined to seek administrative appellate review of that Office's decisions. *See* ECF 1 ¶¶ 27–30 (stating that Liu filed I-290B motions "requesting USCIS to reopen and reconsider her I-526 petition");

---

[3] Liu argues that "the failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of pleading and proving." ECF 13 at 4 (quoting *Mackinac Tribe v. Jewell*, 87 F. Supp. 3d 127, 138 (D.D.C. 2015)). In *Mackinac Tribe*, however, the court was evaluating a nonjurisdictional exhaustion requirement under Rule 12(b)(6). In contrast, in this case, the Court must evaluate whether Liu has established a basis for subject matter jurisdiction. *See supra* Section II.

ECF 10 at 2 ("While Plaintiff filed Motions to Reopen/Reconsider the I-526 petition denial with the Immigrant Investor Program Office . . . , Plaintiff failed to appeal the decision to the Administrative Appeals Office, which must hear appeals on EB-5 determinations."); *see* ECF 13 at 8–9 (Plaintiff acknowledging that she did not appeal to AAO).

Citing the general principle against retroactivity, Liu argues that the RIA's exhaustion mandate does not apply to her suit because her petition was filed in 2015, prior to the statute's enactment in 2022. ECF 13 at 3. The Court acknowledges the general presumption that courts "read laws as prospective in application unless Congress has unambiguously instructed otherwise." *Cox v. Kijakazi*, 77 F.4th 983, 991 (D.C. Cir. 2023). But here, the Court does not even need to parse whether Congress intended the RIA's jurisdictional bar to apply retroactively because the statute applies prospectively in Liu's case.

The RIA states that courts lack jurisdiction to "review a determination" made on "a petition by an alien investor" until "the alien investor has exhausted all administrative appeals" of that determination. 8 U.S.C. § 1153(b)(5)(P)(i), (ii). The key date, then, is the date of the agency's "determination," not the date the investor filed the petition. Although Liu filed her I-526 petition before the statute's enactment, the Program Office issued the denial of her petition, i.e., the specific determination that Liu now challenges, on December 4, 2024, well *after* the RIA went into effect in 2022. The Court therefore agrees with Defendants that the RIA's jurisdictional bar operates prospectively here based on the date of the agency's "determination." 8 U.S.C. § 1153(b)(5)(P)(i); ECF 14 at 3. Accordingly, Liu has failed to establish the basic premise of her legal argument—that the RIA is being applied retroactively—and her objections to the exhaustion requirement fall flat.

Other courts in this district have reached the same conclusion in cases with similar facts. *See Cai v. Immigr. Inv. Program Off.*, No. 25-cv-1289, 2026 WL 713582, at *5 (D.D.C. Mar. 15, 2026); *Maharaj v. Edlow*, No. 25-cv-509, 2026 WL 1362433, at *2 (D.D.C. May 15, 2026) (holding that the RIA's exhaustion bar applies to a 2025 denial of a petition filed in 2017). For example, in *Cai*, another court in this district assessed the retroactivity arguments made by an EB-5 investor. *See Cai*, 2026 WL 713582, at *5. There, a foreign investor filed an I-526 petition in 2016, and the Program Office denied his petition in 2024. *Id.* at *2. Mirroring Liu's procedural path, the applicant filed a Form I-290B Notice of Appeal or Motion, requesting the Program Office reopen or reconsider its denial. *Id.* When the Program Office denied his motion, he initiated a lawsuit seeking to set aside the denials under the APA rather than appealing to the Appeals Office. *Id.* The investor argued that the RIA's new jurisdictional bar did not apply to him because he filed his I-526 petition before the RIA's enactment in 2022. *Id.* at *3.

The court rejected that argument, stating the RIA's "jurisdictional bar regulates not the filing of an I-526 petition, but the failure to exhaust administrative appeals prior to seeking judicial review." *Id.* at *4; *Maharaj*, 2026 WL 1362433, at *3 (explaining that the jurisdictional bar "constrains judicial review of agency EB-5 determinations[] and thus has legal force after USCIS reaches a determination"). Cai received the decision from USCIS on his petition after the RIA was enacted, and his failure to appeal was thus "post-enactment conduct" that occurred "two years *after* the RIA was enacted." *Cai*, 2026 WL 713582, at *4. Therefore, because the Program Office "did not issue the determinations Mr. Cai . . . challenge[d] until after the RIA went into effect in 2022," the jurisdictional bar was not retroactively applied. *Id.* at *3. Sister courts in other districts have also adopted this approach. *See, e.g., Pac. Nw. EB-5 Reg'l Ctr. v. Noem,* No. 25-cv-597, 2025 WL 2645656, at *7 (W.D. Wash. Sept. 15, 2025) (holding that "the

RIA's exhaustion requirement addresses review of agency determinations, rather than review of petitions, and thus is appropriately applied to any post-RIA agency determination"); *Desai v. Emmel*, 821 F. Supp. 3d 1046, 1056 (N.D. Cal. 2026) (same).

Liu attempts to fight this straightforward application of the RIA in two ways.[4] First, she argues that administrative exhaustion is not required because USCIS regulations fail to explicitly mandate an appeal to the Appeals Office. *See* ECF 13 at 3 (citing *Darby v. Cisneros*, 509 U.S. 137 (1993)). That argument misunderstands the relevant doctrine. In *Darby*, the Supreme Court held that federal courts lack the authority under the APA to impose their own administrative exhaustion requirements where Congress and the agency have remained silent. 509 U.S. at 146–47. In other words, exhaustion is a prerequisite to judicial review if—and only if—it is required by statute *or* by an agency rule. *Id. Darby* did not, however, create a double-hurdle where both Congress *and* the agency must act. Here, as discussed above, Congress explicitly mandated exhaustion in the text of the RIA. The agency's silence in its regulations does not somehow undermine that statutory requirement—the agency cannot override or nullify an express congressional command. Therefore, *Darby* does not apply here because the Court is interpreting a statutory exhaustion requirement, not inventing one of its own.

Second, Liu contends that USCIS policy guidance contradicts the agency's litigation position and demonstrates that applying the RIA to her case operates retroactively. ECF 13 at 10. Specifically, she relies on language in the USCIS Policy Manual indicating that certain provisions apply only to petitions filed after March 15, 2022, the RIA's enactment date, or

---

[4] Plaintiff also briefly asserts that an appeal would have been futile because the Appeals Office's "reversal rates" on "source of funds" legal questions is low. ECF 13 at 9. While courts can recognize futility as an exception to "judge-made exhaustion doctrines," the Supreme Court has instructed that "a court may not excuse a failure to exhaust" when Congress has "set[] the rules" and established a "mandatory exhaustion regime[]," "foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016).

"petitions filed on or after May 14, 2022," the effective date of some of the Act's provisions. *See, e.g.*, USCIS Policy Manual, Vol. 6, Part G, Ch. 2, § A.1 & n.1 (discussing substantive requirements for petition eligibility); § A.4 & nn.52, 58 (discussing lawful source of funds provisions). However, this language is not directed at the jurisdictional bar, but at substantive requirements governing approval of visa petitions, including demonstrating job creation and lawful sources of funds. *See id.*; *see also Maharaj*, 2026 WL 1362433, at *3 (distinguishing statutory provisions that "alter[ed] [USCIS's] substantive standards for approval" of immigration petitions from the exhaustion provision that targets "appeals of agency determinations in federal court"). Thus, while many substantive RIA provisions apply only to later-filed petitions, the provision governing judicial review applies to appeals of agency "determination[s]" rendered after the RIA's effective date. *See* 8 U.S.C. § 1153(b)(5)(P)(ii); Pub. L. No. 117-103, 136 Stat. at 1100 (providing that the jurisdictional bar "shall take effect on the date that is 60 days after" the RIA's enactment). In any event, even if the statute conflicted with the agency's policy guidance, the Court could not ignore the statute's plain language. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (stating that interpretations contained in policy statements and agency manuals "lack the force of law"); *see also Del. Valley*, 106 F.4th at 1198 (holding that certain statements in the USCIS Policy Manual imposed no legal consequences independent from the RIA).

In sum, because the challenged agency denial in this case occurred after the RIA took effect, the Court's application of the RIA's exhaustion requirement here is entirely prospective. Liu was required to exhaust USCIS's administrative appeals process before filing suit in federal court, and because she did not do so, the Court will dismiss her complaint.

*    *    *

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction, ECF 10, is **GRANTED**, and as a result Plaintiff's complaint is **DISMISSED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: July 29, 2026